# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**JAMES PIHL**

      **Plaintiff(s)**                **Case No. 3:21-cv-326**

**v.**

**APELLES LLC;**
**REGIONS BANK**
      **Defendant(s).**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

JAMES PIHL ("Mr. Pihl" or "Plaintiff") sues APELLES LLC ("APELLES") and REGIONS BANK ("REGIONS") (collectively "Defendants"), and states:

### I. INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendants their violations of the Bankruptcy Code's Discharge Injunction, 11 U.S.C. § 1141; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-1692g (hereinafter referred to as "FDCPA"); the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.213   (hereinafter referred to as "FDUTPA"); the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter referred to as "FCCPA"); and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227(a)-227(h) (hereinafter referred to as the "TCPA").

### II. PARTIES

2.    Plaintiff is a natural person residing at 1517 Hackberry Court, St. Johns, FL 32259. At all times material, Plaintiff resided in St. Johns County, Florida. Plaintiff is a

"consumer" as defined by 15 U.S.C. § 1692a(3).

3.      APELLES is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is registered with the Florida Office of Financial Regulation as a debt collector. Its principal place of business is located at 3700 Corporate Drive, Suite 240, Columbus, OH 43231. APELLES' principal business is the collection of third-party debts.

### III. JURISDICTION AND VENUE

4.      Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. §227(b)(3) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation by APELLES took place in Jacksonville, Duval County, FL.

### IV. FACTUAL ALLEGATIONS

5.      On September 20, 2019 (the "Petition Date"), Plaintiff filed a petition for relief under Title 11 Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case No. 3:19-bk-03562-JAF (the "Bankruptcy Case"). A copy of the redacted § 341 Notice is attached as Exhibit 1.

6.      Mr. Pihl filed his Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. § 362 to allow him to focus on operating his small business to prevent creditors and debt collectors from contacting him in collection efforts; (ii) from the Bankruptcy Court an order of discharge pursuant to 11 U.S.C. § 1141; and (iii) a financial "fresh start."

7.      As required by the Bankruptcy Code, Mr. Pihl filed his schedules, lists, and statements in his Bankruptcy Case. Included in the Schedule F of unsecured creditors were

multiple debts owed to REGIONS, including:

- Regions Bank, Attn: Bankruptcy, PO Box 10063, Birmingham, AL 35202.
  - Balance: $32,587
  - Last 4 digits of account number: 3317
- Regions Bankcard, Attn: Bankruptcy, PO Box 830590, Birmingham, AL 35288.
  - Balance: $40,694
  - Last 4 digits of account number: 4404
- Regions Bank, Consumer Loan Processing, PO Box 2224, Birmingham, AL 35246
  - Balance: $100,000
  - Last 4 digits of account number: 9400
- Regions Commercial, PO Box 2224, Birmingham, AL 35246
  - Balance: $10,000

8.     A copy of the relevant pages from Mr. Pihl's Schedule F and Amended Schedule F are attached as Composite Exhibit 2.

9.     On November 13, 2019, the Chapter 7 Trustee convened and concluded the section 341 meeting of creditors ("Meeting of Creditors"). Neither REGIONS or APELLES appeared at the Meeting of Creditors.

10.    REGIONS received notice of the Bankruptcy Case and the meeting of creditors. REGIONS received notice by U.S. mail and by e-mail/text. *See* Certificate of Notice, Doc. No. 13 attached as Exhibit 3.

11.    On January 24, 2020, REGIONS filed proof of claim 12 in the Bankruptcy Case.

12.    On March 23, 2020, Plaintiff filed his Chapter 11 Plan.

13.    On September 14, 2020, the Bankruptcy Court entered an Order Confirming Plaintiff's Chapter 11 Plan (the "Confirmation Order").

14.    Pursuant to the terms of the Confirmation Order, Debtor made distributions to creditors, including REGIONS.

15.    On October 28, 2020, the Bankruptcy Court entered a Discharge. REGIONS received a copy of the Discharge. A copy of the BNC Certificate of Mailing and Discharge is

attached as Exhibit 4.

16.     Despite the discharge injunction entered in the Bankruptcy Case and the provisions of the FDCPA and FCCPA, REGIONS referred and/or sold the account to APELLES for further collection efforts.

17.     On February 17, 2021, APELLES mailed a demand for payment to Mr. Pihl for collection of the REGIONS pre-petition debt which had been listed on Schedule F of Mr. Pihl's Bankruptcy Schedules. A copy of the demand for payment letter is attached as Exhibit 5.

18.     Upon information and belief, when REGIONS transferred the account to APELLES, REGIONS furnished information to APELLES regarding the bankruptcy and discharge.

19.     Alternatively, APELLES failed to use reasonable steps for collection of accounts prior to mailing the collection letter to Mr. Pihl. Such steps would include, at a minimum, a BANKO or PACER search for bankruptcy activity related to the account and/or Mr. Pihl.

20.     APELLES has called Plaintiff's cellphone and main office phone, disrupting his business activities. Plaintiff is an owner/operator and earns income through his own small business.

21.     Plaintiff signed a contract with his Chapter 11 counsel requiring payment at the rate of $250 per hour for any work related to the Chapter 11. Accordingly, Plaintiff is liable for attorney fees in seeking the assistance of counsel to deal with this debt that was discharged in the Chapter 11 case.

## V. CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF DISCHARGE INJUNCTION (REGIONS)

22.     The Plaintiff re-alleges the allegations in the factual allegations paragraphs one (1) through twenty-one (21) above.

23.     REGIONS violated the discharge injunction. 11 U.S.C. §§ 105, 524, 1141.

24.     The "selling of accounts (discharged debts) to a third party collector is a deliberate act to collect on a discharged debt, and thus constitute[s] a willful violation of the discharge injunction." *See Laboy v. Firstbank P.R. (In re Laboy)*, 2010 Bankr. LEXIS 345 (Bankr. D.P.R. 2010).

25.     REGIONS received actual notice of the commencement of the Main Case and received notice of the discharge.

26.     Despite notice of the discharge, REGIONS violated the discharge injunction by referring or selling the discharged debt to APELLES for the purposes of collection.

27.     Despite actual knowledge of the discharge and in contravention of the discharge injunction, REGIONS continued to attempt to collect the discharged debt by selling or referring the debt to APELLES.

28.     The discharge injunction is broad, intended to enjoin any act to collect a discharged debt. *See Wilson v. Chase*, 367 B.R. 478, 484.

29.     The actions of REGIONS were contemptuous.

30.     The actions of REGIONS were willful as REGIONS received actual notice of the bankruptcy and intended the violative actions. *See In re Ramsey*, 432 B.R. 662 *Hardy v. I.R.S.*, 97 F.3d 1384 (11th Cir. 1996).

31.     To the extent REGIONS regularly sells or refers discharged debts to APELLES or other third parties for the purpose of collection, the Court should assess punitive damages against REGIONS, if appropriate.

32.     In bringing this action for violation of the discharge injunction, Plaintiff has incurred attorney's fees and costs in addition to the injunctive relief allowed under 11 U.S.C. § 524. Plaintiff is entitled to an award of reasonable attorney's fees and costs under 11 U.S.C. § 105 for the contemptuous violations of the discharge injunction by REGIONS.

## COUNT II – FCCPA VIOLATIONS (REGIONS)

33.     The Plaintiff realleges paragraphs one (1) through twenty-one (21) above.

34.     REGIONS is a creditor subject to the requirements of the FCCPA.

35.     By referring the debt to APELLES, REGIONS attempted to receive payment for a debt that was discharged, thereby violating § 559.72(9) of the FCCPA.

36.     Pursuant to Florida Statute § 559.77, REGIONS is liable to Mr. Pihl for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

## COUNT III – FCCPA VIOLATIONS (APELLES)

37.     The Plaintiff realleges paragraphs one (1) through twenty-one (21) above.

38.     APELLES is a debt collector subject to the requirements of the FCCPA.

39.     APELLES communicated with a third party and disclosed information affecting Plaintiff's reputation, thereby violating § 559.72(5) of the FCCPA.

40.     APELLES attempted to receive payment for a debt that was discharged, thereby violating § 559.72(9) of the FCCPA.

41.     Pursuant to Florida Statute § 559.77, APELLES is liable to Mr. Pihl for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

## COUNT IV – FDUTPA VIOLATIONS (APELLES & REGIONS)

42.     The Plaintiff realleges paragraphs one (1) through twenty-one (21) above.

43.     A violation of the Florida Deceptive and Unfair Trade Practices Act may be based on any law which proscribes "unfair, deceptive, or unconscionable acts or practices."

44.     Pursuant to Florida Statute § 559.77, APELLES is liable to Mr. Pihl for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action. Fla. Stat. § 501.203(3)(c).

45.     Pursuant to Florida Statute § 559.72(9), it is unlawful for a person seeking to collect a debt to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

46.     APELLEES and REGIONS working in concert together, sought to collect a discharged debt and asserted the existence of legal right to payment when no such right existed. Alternatively, REGIONS concealed this information from APELLES when it transferred the account to APELLES and liability for violating the FDUTPA should be limited to REGIONS alone.

47.     To the extent REGIONS regularly assigns discharged debt to debt collectors, this practice is unfair, unconscionable or deceptive.

48.     Defendants' violative actions have consumed Plaintiff's time that he could otherwise devote to his business.

49.     Defendants' violative actions have forced Plaintiff to incur attorney fees to address the Defendants' efforts to collect on a discharged debt.

## COUNT V – TCPA VIOLATIONS (APELLES)

50.     The Plaintiff realleges paragraphs one (1) through twenty-one (21) above.

7

51.     The TCPA applies given that: (1) APELLES made calls to Plaintiff's cell phone; (2) using an automated dialer and/or using prerecorded messages; (3) without Plaintiff's express consent; and (4) the collection calls were not for emergency purposes.

52.     Upon information and belief, Defendant telephoned Plaintiff approximately five (5) times from February 1, 2021 to March 23, 2021. APELLES left three (3) voicemails, which appear to be pre-recorded.

53.     Plaintiff did not consent to being called by APELLES on his cell phone and/or orally revoked any prior consent.

54.     APELLES violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

55.     Pursuant to 47 U.S.C. § 227(b)(3), LTD is liable to Plaintiff for statutory damages of $500 per negligent call and $1500 for each willful call in violation of the TCPA.

## COUNT VI – FDCPA VIOLATIONS (APELLES)

56.     The Plaintiff realleges paragraphs one (1) through twenty-one (21) above.

57.     In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. As stated above, all four elements are met in the instant case.

58.     While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

59.     "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is irrelevant in establishing liability.

60.     APELLES violated the FDCPA. APELLES' violations include, but are not limited to, the following:

a.     APELLES misrepresented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) as the collection letter stated that Defendants sought "payment in full" and stated the debt was an "outstanding debt." *See* Exhibit 5. However, the Plaintiff was not subject to collection and the debt was not "outstanding" given the discharge in the Bankruptcy Case. The Bankruptcy Code prohibits preferential payments of creditors and Defendants sought preferential payment.  Each of Plaintiff's unsecured creditors received its pro rata share of any distribution through the Chapter 11 case.

b.     By sending a collection notice seeking to collect a discharged debt, Defendant used unfair means to attempt to collect the discharged debt thereby violating 15 U.S.C. § 1692f(1). Specifically, Defendant sought to recover amounts not permitted by law.

c.     APELLES communicated with a third party in violation of 15 U.S.C. § 1692c(b). APELLES already had location information for Plaintiff and the communication with Plaintiff's employee was detrimental to Plaintiff's reputation and not necessary for acquiring location information. 15 U.S.C. § 1692b.

61.     APELLES violated multiple provisions of the FDCPA as outlined above. Accordingly, APELLES is liable to Mr. Pihl for actual damages, statutory damages, and

reimbursement of attorney fees and costs associated with the filing of this action.

WHEREFORE, Plaintiff respectfully prays for (i) declaratory judgment in favor of Mr. Pihl finding Defendants violated the above stated provisions of the FDCPA, FCCPA, FDUTPA, TCPA; (ii) judgment in favor of Mr. Pihl awarding actual and statutory damages; (iii) an award equal to any and all attorney fees and costs associated with bringing this action; and (iv) any and all other relief that the Court deems necessary and just.

The Plaintiff demands a jury trial on all issues so triable.

DATED this 23rd day of March, 2021.

Law Offices of Mickler & Mickler, LLP


By: */s/ Taylor J. King*
     TAYLOR J. KING
Attorney for Plaintiff
5452 Arlington Expressway
Jacksonville, Florida 32211
(904) 725-0822\FAX 725-0855
Florida Bar No. 72049
tjking@planlaw.com